IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-367-MOC-DCK

| | |
|---|---|
| MARK T. SUMWALT, PA, d/b/a ) <br> THE SUMWALT LAW FIRM, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> VETERANS AFFAIRS, ) <br> ) <br> **Defendant.** ) <br> ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss" (Document No. 4) filed June 25, 2013. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

### I. BACKGROUND

Plaintiff Mark T. Sumwalt, P.A. ("Plaintiff" or "Sumwalt") filed a "Complaint" (Document No. 1) initiating this action on June 13, 2013. The Complaint asserts causes of action against the United States Department of Veteran Affairs ("Defendant" or "United States") for: (1) "Application of the 'Common Fund Doctrine'"; and (2) "Declaratory Judgment" pursuant to 28 U.S.C. § 2201. (Document No. 1).

According to the Complaint, Plaintiff represented Rosalyn D. Rowse ("Rowse") in a workers' compensation claim. (Document No. 1, p.1). Rowse's employer and its workers' compensation carrier ("Broadspire") denied liability for most, if not all, of Rowse's medical

expenses associated with a work-related injury.  (Document No. 1, p.2).  Defendant, through its ChampVA health insurance program, purportedly made payments for medical services and devices necessitated by Rowse's injury in a total amount of $232,908.21.  Id.

The Complaint alleges that Plaintiff obtained an agreement from Rowse's employer and Broadspire, the private insurance company, to reimburse "in full" the subrogation interest of the ChampVA program operated by Defendant.  (Document No. 1, pp.2-3).  Plaintiff further asserts that the agreement it brokered for full reimbursement was approved by a "Consent Order" issued by the North Carolina Industrial Commission **on January 27, 2011**.  Id.  See also, (Document No. 6-1) (emphasis added).

Although Plaintiff contends that the agreement between "Rowse and Broadspire resulted solely from the efforts and services of Plaintiff," the "Consent Order" also recognizes a dispute between Plaintiff and one or more other law firms regarding the proper division of reasonable legal fees.  Id.  Moreover, Plaintiff acknowledges that Defendant took over the reimbursement litigation *still active* before the Industrial Commission **on June 6, 2013**, and obtained a new agreement, and a check from Broadspire, by **June 19, 2013**.  (Document No. 6, p.3); (Document No. 6-3, p.1).  Neither the Complaint nor the briefs explain why the underlying action was still active in June 2013, if Plaintiff had facilitated an "agreed-upon 'full' reimbursement of $232,908.21" and the "Consent Order" by the end of January 2011.

Plaintiff now seeks attorney's fees from Defendant United States for Plaintiff's efforts in obtaining an agreement from Rowse's employer and Broadspire.  (Document No. 1, pp.3-5). Plaintiff alleges that on "June 6, 2013, Defendant refused to accommodate an attorney's fee from any reimbursement of its Champ VA subrogation interest."  (Document No. 1, p.5).

Defendant filed its "Motion To Dismiss" (Document No. 4) on June 25, 2013, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff's "Objection To Motion To Dismiss" (Document No. 5) and "Memorandum Of Law In Support Of Objection…" (Document No. 6) were filed on July 11, 2013. The "Reply Brief Of United States" (Document No. 7) was then filed on July 16, 2013. As such, a Memorandum And Recommendation to the Honorable Max O. Cogburn, Jr. is now appropriate.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains

"enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant asserts in its "Motion To Dismiss" that dismissal is appropriate here pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) "on the grounds of lack of subject matter jurisdiction, sovereign immunity, and failure of the complaint to state any claim upon which relief can be granted." (Document No. 4, p.1). Defendant notes that Plaintiff's Complaint does not cite any

4

specific statute granting him the right to sue the United States Department of Veteran Affairs; rather, he cites only the equitable doctrines of unjust enrichment and the common fund doctrine. (Document No. 4, pp.1-2). The undersigned finds Defendant's sovereign immunity argument instructive and compelling:

> It is a fundamental principle that, as sovereign, the United States is immune from suit except to the extent that Congress has expressly consented to waive the defense. United States v. Mitchell, 445 U.S. 535, 538 (1980). The Supreme Court has further held that "a waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); accord, Williams v. United States, 242 F.3d 169, 172 (4th Cir. 2001). The party attempting to sue the United States bears the burden of demonstrating the unequivocal waiver of sovereign immunity. Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986). As held by the Fourth Circuit, "sovereign immunity is presumed and cannot be overcome without an express and unequivocal statutory waiver," and "all ambiguities [must be] resolved in favor of the sovereign." O'Brien v. Moore, 395 F.3d 499, 503 (4th Cir. 2005), citing Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys., 132 F.3d 985, 987 (4th Cir. 1997).
>
> The Complaint does not assert any waiver of sovereign immunity that would permit the Plaintiff to sue the United States or one of its departments. Moreover, federal courts have held that the United States and its agencies are protected by the doctrine of sovereign immunity from claims for attorney fees under the common fund doctrine where, as here, the United States (or its department or agency) was not a party to the underlying action. See, e.g., Harger v. Department of Labor, 569 F. 3d 898, 900-01 (9th Cir. 2009); Kalodner v. Abraham, 309 F. Supp. 2d 100, 102-03 (D.D.C. 2004).
>
> To the extent that the Plaintiff asserts a claim for unjust enrichment, there is no waiver of sovereign immunity for that claim either. A claim for unjust enrichment is not a tort, but rather a claim to establish an implied contract. New Prime, Inc. v. Harris Transport Company, 729 S.E. 2d 732, 2012 WL 3192718, *2 (N.C. App. 2012), citing, Booe v. Shadrick, 322 N.C. 567, 570 (N.C. 1988). As such, a claim for unjust enrichment is not cognizable under the Federal Tort Claims Act (FTCA). Pesnell v. United

States, 64 Fed. Appx. 73, 74 (9th Cir. 2003)(unjust enrichment claim under the FTCA properly dismissed for lack of jurisdiction); Rehobeth McKinley Christian Health Care Services, Inc. v. U.S. Department of Health and Human Services, 853 F. Supp. 2d 1107, 1115 (D.N.M. 2012)("the FTCA does not permit a claim for restitution for unjust enrichment."); Wang v. United States, 2006 WL 1886124, *5 (M.D. Fl. 2006).

(Document No. 4, pp.2-3). Defendant concludes that this matter must be dismissed for lack of subject matter jurisdiction. (Document No. 4, p.3).

In response to the pending motion for dismissal, Plaintiff's "Memorandum Of Law…" (Document No. 6) first acknowledges the following applicable law:

> When a motion to dismiss contains more than one Rule 12(b) defense, the District Court should consider the Rule 12(b)(1) challenge first because the issue of subject matter jurisdiction is primary to the merits of the Complaint's assertion of an adequate cause of action upon which relief can be granted under Rule 12(b)(6). See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). In a Rule 12(b)(1) motion, Plaintiff bears the burden of proving that the District Court has subject matter jurisdiction. See Thomson v. Gaskill, 315 U.S. 442 (1942).

(Document No. 6, p.4).

Then, in addressing Defendant's 12(b)(1) argument, Plaintiff succinctly concludes that this Court has subject matter jurisdiction based on the following:

> The District Court should deny Defendant's motion to dismiss under Rule 12(b)(1) because exercise of the common fund doctrine is within the Court's equity jurisdiction, as the United States Supreme Court has reiterated on numerous occasions. The doctrine's "historic practice of granting reimbursement for the costs of litigation other than the conventional taxable costs is part of the original authority of the chancellor to do equity in a particular situation." Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 166 (1939); see also Mills v. Electric Auto-Lite Co., 396 U.S. 375, 392-393 (1970); Trustees v. Greenough, 105 U.S. 527, 532-537 (1882). Thus, federal courts "have applied [the common fund doctrine] in a wide range of circumstances as a part of our inherent authority." U.S. Airways, Inc. v. McCutchen, ___ U.S. ___, 133 S.Ct.1537, 1550, 185 L.Ed.2d 654, 668 (2013).

(Document No. 6, p.4).

As noted by Defendant, none of these cases Plaintiff relies upon involve the United States or a federal agency, or discuss sovereign immunity. (Document No. 7, p.2). Moreover, even though Plaintiff cites the preceding cases under the heading "The District Court Has Subject Matter Jurisdiction," it does not appear these cases discuss subject matter jurisdiction. The issue before the Court is not whether the common fund doctrine has been applied "in a wide range of circumstances," but whether it forms a sufficient basis for this action against the United States.

In addressing Defendant's 12(b)(6) argument, Plaintiff cites the Administrative Procedure Act, 5 U.S.C. § 702 ("APA") for the first time and contends that "Congress expressly waived the defense of sovereign immunity for Defendant under these circumstances." (Document No. 6, p.4). Plaintiff quotes the following language from the APA:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States *seeking relief other than money damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States

(Document No. 6, p.5)(quoting 5 U.S.C. § 702) (emphasis provided by Plaintiff).

Plaintiff contends that the APA is applicable here, and that Congress waived the defense of sovereign immunity, because Plaintiff is "seeking relief other than money damages." (Document No. 6, pp.4-5). According to Plaintiff, its demand for attorney's fees is not a claim for "money damages" because the monetary relief sought is for a "specific" injury. (Document

7

No. 6, pp.5-9) (citing Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999) and Bowen v. Massachusetts, 487 U.S. 879 (1988)).

In its "Reply Brief…" Defendant notes that in Blue Fox the Supreme Court rejected an argument that sovereign immunity had been waived to allow a subcontractor to sue the United States when the prime contractor failed to pay the subcontractor on a federal project. (Document No. 7, p.2). "In summarizing its ruling the court stated '[o]ur holding today is in accord with our precedent establishing that sovereign immunity bars creditors from attaching or garnishing funds in the Treasury . . . or enforcing liens against property owned by the United States.'" Id. (quoting Blue Fox, Inc., 525 U.S. at 264).

Defendant acknowledges that in Bowen the plaintiff was allowed to go forward with a claim under the APA for payment of funds under the Medicaid Act, 42 U.S.C. § 1396(b), because plaintiff was not "seeking money in *compensation* for the damage sustained by the failure of the Federal Government to pay as mandated; rather, it [was] a suit **seeking to enforce the statutory mandate itself**, which happens to be one for the payment of money." (Document No. 7, p.3) (quoting Bowen, 487 U.S. 900); see also, Blue Fox, Inc., 525 U.S. at 262. Defendant argues that Bowen is distinguishable from the instant case because here "there is no federal statute which mandates the payment of attorney's fees to the Plaintiff." (Document No. 7, p.3).

Defendant's "Reply…" goes on to effectively argue that Plaintiff's reliance on the APA is misplaced. Id. First, Defendant points out that the Complaint makes no mention of the APA, 5 U.S.C. § 702, and that Plaintiff's response to the motion to dismiss is the first time it makes this assertion that sovereign immunity has been waived. Id. Defendant further argues that the APA is inapplicable because it requires a legal wrong "within the meaning of a relevant statute," and Plaintiff has cited no statute that grants a right to this demand for attorney's fees. Id.

After careful consideration of all the arguments, the undersigned is not persuaded that Plaintiff has satisfied its burden of proving that subject matter jurisdiction exists here. In short, Plaintiff has not established that the United States or the Department of Veteran Affairs have waived their sovereign immunity to permit the claims brought in Plaintiff's Complaint. As "frequently held" by the Supreme Court, "a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign . . . [s]uch a waiver must also be 'unequivocally expressed' in the statutory text." Blue Fox, Inc., 525 U.S. at 261 (citations omitted). Plaintiff has failed to establish a waiver, much less one unequivocally expressed in statutory text.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss" (Document No. 4) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 17, 2013

David C. Keesler
United States Magistrate Judge