UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00367-MOC-DCK

| | | |
|---|---|---|
| **MARK T. SUMWALT, PA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** | ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

### FINDINGS and CONCLUSIONS

I.  Introduction

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an

1

objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

II.     **Plaintiff's Complaint**

Plaintiff alleges that he represented Rosalyn D. Rowse ("Rowse") in a workers' compensation claim and that Rowse's employer and its workers' compensation carrier ("Broadspire") denied liability for most, if not all, of Rowse's medical expenses associated with a work-related injury. Defendant, through its ChampVA health insurance program, allegedly made payments for medical services and devices necessitated by Rowse's injury in a total amount of $232,908.21. Plaintiff contends that he obtained an agreement from Rowse's employer and Broadspire, the private insurance company, to reimburse "in full" the subrogation interest of the ChampVA program operated by defendant and that the agreement it brokered for full reimbursement was approved by a "Consent Order" issued by the North Carolina Industrial Commission on January 27, 2011. Plaintiff acknowledges in its responsive brief that defendant took over the reimbursement litigation still active before the Industrial Commission on June 6, 2013, and obtained a new agreement, and a check from Broadspire, by June 19, 2013. Response (#6) at 3.

In filing this action, plaintiff seeks to recover from the United States attorney's fees for his efforts in obtaining an agreement from Rowse's employer and Broadspire to reimburse the United States for the costs of his client's medical care.

III.    **Recommendation of the Magistrate Judge**

The United States moved to dismiss plaintiffs Complaint under Rules 12(b)(1) and 12

2

(b)(6) of the Federal Rules of Civil Procedure. The magistrate judge found the government's Rule 12(b)(1) argument based on sovereign immunity "instructive and compelling." M&R (#8) at 5. The government argued and the magistrate judge found that this action was barred as the United States is immune from suit except to the extent Congress has expressly consented to waive sovereign immunity, that such waiver must "be unequivocally expressed in statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996), and that the party attempting to sue the United States has the burden of demonstrating an unequivocal waiver of sovereign immunity. Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986).

In attempting to counter the government's Rule 12(b)(1) Motion to Dismiss, plaintiff argued that because the "common fund doctrine" is within a federal court's equity jurisdiction and has been applied by federal courts in a wide range of circumstances, this court has inherent authority to consider plaintiff's Complaint. Response (#6) at 4. As found by the magistrate judge, plaintiff's response missed the point of the government's Rule 12(b)(1) motion, which is whether this court has *subject- matter jurisdiction* over this action, and that none of the cases cited by plaintiff in support of his "common fund" argument involved a lawsuit against the United States or sovereign immunity. Plaintiff also raised the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, in his response and argued that through the APA, Congress had waived sovereign immunity for claims "seeking relief other than money damages." Response (#6) at 4-5. Plaintiff went on to argue that a claim for attorney's fees was not a claim for money damages because the monetary relief was for a "specific" injury. Id. at 5-9. The government replied to such suggestion by arguing that recovery under the APA requires a legal wrong "within the meaning of a relevant statute," and that plaintiff has cited no statute that grants a right to attorney's fees. Ultimately, the magistrate judge concluded that the United States had not

3

waived its sovereign immunity and recommended dismissal of the action under Rule 12(b)(1).

## IV. Plaintiff's Objections

Within the time allowed, plaintiff filed objections to the Memorandum and Recommendation of the magistrate judge, as follows:

1. The Magistrate misapprehended the jurisdiction of the North Carolina Industrial Commission by assuming that the Consent Order approved in January 2011 "closed" the workers' compensation case of the ChampVA beneficiary.

2. Neither the pleadings nor the anticipated evidence would support the Magistrate's challenge to paragraph 14 of the Complaint, which alleged that the Consent Order providing for "full" reimbursement of the ChampVA payments "resulted solely from the effort and services of Plaintiff."

3. The Magistrate should have clarified that the Court has subject matter jurisdiction in equity over Plaintiff's common fund claim under Fed. R. Civ. P. 12(b)(1), but that the issue of sovereign immunity should be evaluated under Fed. R. Civ. P. 12(b)(6) to see whether a claim can be validly pursued against the common fund produced by Plaintiff's litigation in this case.

4. Under Fed. R. Civ. P. 12(b)(6), Plaintiff has alleged sufficient facts to substantiate a "specific injury" under the Administrative Procedures Act (APA), 5 U.S.C. § 702, as construed by Department of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999), and Bowen v. Massachusetts, 487 U.S. 879 (1988).

5. To the extent that the Magistrate would require Plaintiff to plead a waiver of sovereign immunity expressly, the Court can cure this by allowing Plaintiff to amend the Complaint and by allowing the parties to proceed in discovery to evaluate whether a "specific injury" has occurred under the APA, Blue Fox, and Bowen, instead of dismissing the action prematurely.

Objections (#9) at 1-2.

## V. Discussion

### A. Third Objection[1]

Turning to the substantive objections to the recommendation that this action be dismissed under Rule 12(b)(1), plaintiff contends in his third objection that the magistrate judge erred in not finding that this court has subject-matter jurisdiction in equity over his common-fund claim and that sovereign immunity should have been evaluated under Rule 12(b)(6) instead of Rule 12(b)(1). There is no legal support for this objection.

First, plaintiff has cited the court to no authority for the proposition that the common-fund doctrine can satisfy a plaintiff's affirmative obligation of showing that this court has subject-matter jurisdiction over the claims he has brought. Here, defendant argues that it has not waived its sovereign immunity to allow attorneys, who happen to secure the payoff of a government lien in the course of their representation of a private client, to make a claim against it for attorney's fees.

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the

---

[1] Neither the first nor the second objection addresses the merits of the recommendation that this court lacks subject-matter jurisdiction; rather, such objections take issue with inconsequential determinations that do not bear on the ultimate recommendation. Rather than sustain or overrule such objections, the court notes such objections.

court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999). Further, Rule 41(b), Fed.R.Civ.P., provides in relevant part that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . except one for lack of jurisdiction . . . operates as an adjudication on the merits." As other courts have found,

> [d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case. *See Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir.2005). It is true that, in rare cases

where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct." *Id.* But there was no finding of misconduct here.

Revere v. Wilmington Finance, 406 Fed.Appx. 936, 937 (6th Cir. 2011).

In arguing that the common-fund doctrine is the source of this court's jurisdiction, plaintiff is essentially arguing that he should be awarded his fees and costs from the pool of money the government recovered due to his legal efforts on behalf of his client. While this court recognizes the equitable mechanism of the common-fund doctrine, such common law is not and cannot be a source for waiver of sovereign immunity. Put another way, plaintiff's claim is that the government has been unjustly enriched through the recovery of the lien without paying his fees and costs. Courts which have addressed the issue have held that "unjust enrichment" is not a tort claim, but a claim made in furtherance of establishing that an implied contract[2] existed. New Prime, Inc. v. Harris Transport Company, 729 S.E. 2d 732, 2012 WL 3192718, *2 (N.C. App. 2012), citing Booe v. Shadrick, 322 N.C. 567, 570 (1988). The Federal Torts Claim Act -- the primary source of waiver of the United States' sovereign immunity -- does not permit claims for unjust enrichment. Pesnell v. United States, 64 Fed. Appx. 73, 74 (9th Cir. 2003)(unjust enrichment claim under the FTCA properly dismissed for lack of jurisdiction); Rehobeth McKinley Christian Health Care Services, Inc. v. U.S. Department of Health and Human Services, 853 F. Supp. 2d 1107, 1115 (D.N.M. 2012)("the FTCA does not permit a claim for

---

[2] In turn, the Tucker Act provides the United States Court of Claims with jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or <u>implied contract</u> with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). Federal district courts have concurrent jurisdiction over such claims that do not exceed $10,000 in damages. 28 U.S.C. § 1346(a)(2). Even if the Complaint were read to assert a claim sounding in implied contract, a fair reading of the Complaint would indicate that an award is sought in excess of $10,000 inasmuch as plaintiff seeks a fee award based on a $232,908.21 recovery by applying his contingency fee agreement with his client to such amount. While the fee arrangement is not alleged in the Complaint, it is fair to conclude that such award would well exceed $10,000.

7

restitution for unjust enrichment."); Wang v. United States, 2006 WL 1886124, *5 (M.D. Fl. 2006). The common-fund doctrine is simply not a substitute for a waiver of sovereign immunity "unequivocally expressed in statutory text," Lane, supra, and plaintiff can point the court to no decision so holding. Plaintiff's third objection will, therefore, be overruled.

### B. Fourth Objection

Plaintiff next contends that he has adequately alleged a "specific injury" under the APA to survive Rule 12(b)(6) review. The problem with this objection is that the recommendation was not that this action be dismissed under Rule 12(b)(6) for failure to state a cognizable claim, but that this action should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction. Plaintiff's reliance on the decision in Department of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999) is misplaced because that case found no waiver of sovereign immunity. Likewise, plaintiff's reliance on Bowen v. Massachusetts, 487 U.S. 879 (1988) is unavailing as that decision is antithetical to his argument: the Court in Bowen determined that the government had waived its sovereign immunity because, unlike plaintiff herein, Massachusetts was proceeding under a specific Medicaid statute which allowed its claim to proceed.

In further support of his objection, plaintiff argues as he did before the magistrate judge, that the APA provides the source of waiver of sovereign immunity. Section 702 provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702 (emphasis added). What is missing from plaintiff's argument is any reference to a "relevant statute" providing plaintiff with the right to pursue attorney's fees against the United States in these circumstances. In Bowen, the state properly availed itself of Section 702 because it was seeking payment of funds or an adjustment of funds it was owed under the Medicaid Act,

42 U.S.C. § 1396(b). In contrast, plaintiff herein is relying on the "common-fund doctrine" and a theory of unjust enrichment. Such equitable doctrines and theories are neither derived from a "relevant statute" as provided under the APA or "unequivocally expressed in statutory text" as required by the Supreme Court in <u>Lane</u>, <u>supra</u>. Plaintiff's Fourth Objection will, therefore, be overruled.

    C. **Fifth Objection**

In his fifth objection, plaintiff essentially contends that he should have been allowed by the magistrate judge to amend his complaint (although no motion to amend has been made) to allege a waiver of sovereign immunity expressly. Plaintiff argues in his Objections in pertinent part, as follows:

> The ChampVA reimbursement "arises under" 38 U.S.C. § 1781 and 10 U.S.C. § 1095 for purposes of 28 U.S.C. § 1331, and Defendant is a United States agency for purposes of 28 U.S.C. § 1346. These statutes very clearly supply subject matter jurisdiction. The rule of notice pleading only required Plaintiff to plead sufficient facts suggesting an ultimate conclusion that sovereign immunity would not apply. Plaintiff did this in the present action. If the Court requires Plaintiff to express a waiver of sovereign immunity, however, the proper remedy is to allow an amendment of the Complaint, not an outright dismissal of the action.

Objections (#9) at 10-11. Plaintiff's fifth objection misses the point) as it is clear from the M&R that the magistrate judge did not recommend a Rule 12(b)(1) dismissal based on any technical pleading deficiency, but, instead, recommended dismissal because plaintiff, despite briefing, was unable to point to a statutory source of waiver that would support his assertion of subject-matter jurisdiction.

Because the assertion of sovereign immunity by the United States affects a court's exercise of jurisdiction, <u>Medina v. United States</u>, 259 F.3d 220, 223 (4th Cir. 2001), it is plaintiff's burden

9

to identify a statutory waiver of the federal government's sovereign immunity in order to maintain suit. Lane, 518 U.S. at 192. Despite plaintiff's assertion that "[t]hese statutes very clearly supply subject matter jurisdiction," Objections (#9) at 10-11, the court has reviewed the substantive statutes cited in the objections, 38 U.S.C. § 1781 and 10 U.S.C. § 1095, and neither statute provides the attorney of a VA beneficiary with the right to seek his attorney's fees when a VA lien is paid off. Further, 28 U.S.C. § 1331 simply provides for original jurisdiction of this court over federal questions and as the Fourth Circuit has long held, Section 1331 is not a general waiver of sovereign immunity. Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996). While citing Section 1346, plaintiff has been unable to point to any provision of that act which would allow this action to proceed in this court. Plaintiff's Fifth Objection will, therefore, be overruled

## VI. Conclusion

After careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith. For the reasons discussed above, the court will dismiss this action without prejudice, but in so doing, no conclusion should be drawn as to the viability of a claim sounding in implied contract made before the United States Court of Claims.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#8) is **AFFIRMED,** and the defendant's Motion to Dismiss #4) for lack of subject-matter jurisdiction is **GRANTED,** and this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

The Clerk of Court is directed to enter Judgment dismissing this action without prejudice.

Signed: November 15, 2013

Max O. Cogburn Jr.
United States District Judge